UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ASTIN HILL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00581 |
| v. | ) |
| | ) |
| f/n/u RICKMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Astin Hill, an inmate in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against f/n/u Rickman and the Davidson County Sheriff's Office. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure

1

to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir.2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III. Alleged Facts**

The complaint alleges that, while in the custody of the Davidson County Sheriff's Office, Plaintiff was placed in a cold cell called "the stupid box" on April 8, 2019 after being charged with an assault on another inmate. (Doc. No. 1 at 5). Plaintiff was not provided with a blanket or mat. Overnight, he became so cold that he "had to lay on the floor under the metal bunk to try and warm up." (Id.) Plaintiff was confined in the stupid box for at least twelve hours. The charge against Plaintiff was later dismissed, and the complaint alleges that Plaintiff was placed in "that cold box for no reason." (Id.) The complaint seeks compensation for Plaintiff's pain and suffering and mental anguish for "lack of sleep and laying on metal bunk and concrete floor." (Id. at 6).

**IV. Analysis**

The complaint names only two Defendants: f/n/u Rickman in his individual capacity and the Davidson County Sheriff's Office.

However, other than being listed as a Defendant, f/n/u Rickman is not mentioned in the narrative of the complaint or anywhere else in the complaint. (See Doc. No. 1 at 5). A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408 F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982). Because Plaintiff does not allege the personal involvement of f/n/u Rickman in the events set forth in the complaint, Plaintiff has not established a basis for imposing individual liability on this Defendant. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Thus, Plaintiff's claims against f/n/u Rickman must be dismissed.

Plaintiff also names the Davidson County Sheriff's Office as a Defendant. The law is clear that a sheriff's office is not an entity that may be sued under § 1983. Matthews v. Jones, 35 F.3d

1046, 1049 (6th Cir.1994); see Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office); see also Harding v. Davidson Cnty. Sheriff's Office, No. 3:13-cv-0449, 2013 WL 2178029, at *3 (M.D. Tenn. May 20, 2013) (explaining that the Sheriff's Office is a division of the Metropolitan Nashville and Davidson County but is not itself a separate legal entity susceptible to liability under § 1983). Consequently, Plaintiff's § 1983 claims against the Davidson County Sheriff's Office are therefore subject to dismissal for failure to state a claim upon which relief may be granted.

Even if Plaintiff had named another defendant, this case would still be dismissed under the facts alleged. The Constitution does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

Here, Plaintiff alleges that he was not provided with a blanket or mat during his overnight stay in a segregated cell known as "the stupid box." He alleges that he became very cold and suffered from a "lack of sleep." However, Plaintiff does not allege any physical injury or harm as

a result of his overnight stay in segregation. Without an allegation of injury or harm, Plaintiff does not state a viable Eighth Amendment claim. See Johnson v. Jones, No. 1:18-cv-43, 2019 WL 340108, at *4 (S.D. Ohio Jan. 28, 2019) ("Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim); Moore v. Merchant, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'"). Therefore, even if Plaintiff had named the individual(s) responsible for his time in "the stupid box," the complaint would not have stated a claim for a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Finally, the Court notes that Plaintiff has filed two federal lawsuits in rapid succession, including the instant case. See Hill v. Hodges, No. 3:19-cv-00580 (M.D. Tenn. filed 7/10/2019) (Crenshaw, Chief J.). Plaintiff is advised that the PLRA, enacted to implement "constraints designed to prevent sportive filings in federal court," Skinner v. Switzer, 562 U.S. 521, 535 (2011), provides the following under Section 1915(g) with respect to prisoner-plaintiffs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, each time a court dismisses one of Plaintiff's civil actions or appeals on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may granted (such as here), Plaintiff earns a "strike" under the PLRA. And, a prisoner-plaintiff

5

who falls within the scope of Section 1915(g) because of three or more previous "strikes" must pay the entire filing fee at the outset of the case,[1] unless he or she is under imminent danger of serious physical injury. Wilson v. Yaklich, 148 F.3d 596, 603-04 (6th Cir. 1998), cert. denied, 525 U.S. 1139 (1999).

**V.  Conclusion**

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against both Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In this instance, the Court will not permit the plaintiff to proceed in forma pauperis, even if the plaintiff has inadequate financial resources to pay the full civil filing fee.