# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ASTIN HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00581 |
| v. | ) |
| | ) |
| f/n/u RICKMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a pro se "Supplemental Pleading" filed by Astin Hill, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee. (Doc. No. 7).

By Order and accompanying Memorandum Opinion entered on July 22, 2019, the Court granted Plaintiff's application to proceed in forma pauperis, screened Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and found that the complaint failed to state claims upon which relief can be granted under 42 U.S.C. § 1983. (Doc. Nos. 4 and 5). Consequently, the Court dismissed this action (Doc. No. 5), and the Clerk entered final judgment on the following day. (Doc. No. 6). That means this case is no longer an active case and there are no further issues for the Court to resolve in this case.

In Plaintiff's "Supplemental Pleading," he alleges facts that were not included in his complaint. (Doc. No. 7). As a result, the Court construes the pleading as a motion to amend the complaint. However, the Federal Rules of Civil Procedure do not permit a plaintiff to amend his complaint after the dismissal of his action and the entry of final judgment, which is the case here. The only way the Court can consider Plaintiff's motion is to construe it as motion seeking an

1

amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was timely filed.

In his motion to amend, Plaintiff does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous analysis. Plaintiff does not seek to amend his complaint to add claims based on newly discovered evidence. However, Plaintiff does allege new facts that he previously had not alleged: as a result of having to sleep on the concrete floor in the stupid box for eight hours, Plaintiff now has back pain and a toe fungus. (Doc. No. 7 at 1).

The Court previously dismissed Plaintiff's claims arising from his overnight confinement in the stupid box at the Davidson County Sheriff's Office because (1) Plaintiff had not named an entity capable of being sued with respect to those claims; and (2) even if he had named another defendant, his claims still failed as a matter of law because the conditions of his confinement did not rise to the level of an Eighth Amendment violation in part because Plaintiff had failed to allege any injury or harm resulting from the alleged incident. (Doc. No. 4 at 3-6). Although Plaintiff now alleges that he suffers from back pain and a toe fungus as a result of his overnight stay in the stupid box, Plaintiff still has not named a viable defendant to his cause of action. Neither has he alleged that any defendant acted with deliberate indifference with regard to the incident at issue.

See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Peterson v. County of Monroe, No. 12-CV-11460, 2014 WL 1328205, at *5 (E.D. Mich. Mar. 28, 2014) (dismissing prisoner-plaintiff's Section 1983 claim where plaintiff had not alleged that defendant who ordered the removal of plaintiff's mattress for twenty-four hours "was acting in spite of his knowledge of a substantial risk of serious harm.").

Additionally, in the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). In Grissom v. Davis, 55 F. App'x 756 (6th Cir. Feb. 12, 2003), the Sixth Circuit concluded that a prisoner-plaintiff who asserted she was deprived of a mattress for seven days did not allege facts "that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim." Id. at 757-758. The Court noted that the plaintiff did not present any evidence that the mattress restriction "deprived her of basic human needs or caused her to suffer serious harm." Id. Nor did the plaintiff demonstrate that the defendants "recklessly disregarded a substantial risk of harm to her health or safety when placing her on the mattress restriction." Id. at 758. In another unpublished decision, the Sixth Circuit held that the two-week deprivation of a prisoner's mattress did not violate the Eighth Amendment. Jones v. Toombs, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); see Mann v. Smith, 796 F.2d 79, 85 (5th Cir. 1986) (a prisoner has no right to sleep on an elevated bed); Hubbard v. Taylor, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); but see Yelardy v. Taylor, Civ. No. 03-1032-GMS, 2006 WL 680660 at *8 (D. Del. March 14, 2006) (possible constitutional violation where pretrial detainee is required to sleep on the floor for twenty-two months). Plaintiff's assertion that he had to sleep on the concrete floor of

a segregated cell for eight hours without a blanket does not constitute an extreme deprivation under the Eighth Amendment, and Plaintiff has not named a defendant responsible for Plaintiff's placement in the stupid box who acted with deliberate indifference. For these reasons, Plaintiff is not entitled to relief under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's motion (Doc. No. 7), if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. Id. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the

court's conscience that justice be done in light of all the facts." Blue Diamond Coal v. Trustees of United Mine Workers, 249 F.3d 519, 529 (6th Cir. 2001); see also Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. Although Plaintiff now seeks to add new allegations to his original complaint, he does not name a defendant responsible for his placement in the stupid box. Furthermore, the conditions of his overnight stay in the stupid box do not rise the level of an extreme deprivation of Plaintiff's Eighth Amendment rights. Plaintiff is not entitled to relief under Section 1983 for such allegations.

Accordingly, Plaintiff's filing (Doc. No. 7), whether construed as a motion to amend his complaint after the dismissal of his case and entry of final judgment, a Rule 59(e) motion to alter or amend judgment, or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE